IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 09-82-3 |
| | ) | |
| FRANK MURPHY | ) | |

## OPINION

On March 3, 2009, a grand jury returned a two-count indictment charging Frank Murphy ("defendant"), along with Stephan Andre Pete and William James Peterson, at Count One with conspiracy to distribute and to possess with intent to distribute 500 grams or more of cocaine.[1] Defendant proceeded to trial and, on May 5, 2010, a jury found defendant guilty.[2]

Defendant filed the pending motion for a new trial pursuant to Fed. R. Crim P. 33 alleging that the jury's verdict was based, at least in part, on the prejudicial testimony of Sergeant Shawn Spence of the Henderson (North Carolina) Police Department, who improperly and intentionally testified on cross-examination that defendant "had been convicted of drug charges." Defendant argues that the admission of this testimony, over counsel's objection, was "not harmless error" and entitles him to a new trial.

---

[1] Count Two charged Pete only with possession of a firearm in furtherance of a drug trafficking crime.

[2] Stephan Andre Pete also went to trial and was found guilty at both Counts One and Two. William Peterson entered a guilty plea to Count One.

Fed. R. Crim. P. 33(a) provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." The decision to grant or deny a motion for new trial lies within this court's discretion. United States v. Vitillo, 490 F.3d 314, 325 (3d Cir. 2007). In considering a motion for new trial, this court must "exercise great caution in setting aside a verdict reached after fully-conducted proceedings," and particularly so where "the action has been tried before a jury." United States v. Kelly, 539 F.3d 172, 182 (3d Cir. 2008)(quoting United States v. Kamel, 965 F.2d 484, 493 (7th Cir. 1992)).

Here, defendant contends that a new trial is required because Spence improperly testified regarding defendant's prior drug convictions, then gloated afterward that he did so intentionally. Upon review, the court does not believe that Spence's testimony warrants setting aside the considered verdict of the jury.

The challenged statement from Sergeant Spence came upon cross-examination by defendant's counsel and was responsive to the line of questioning. On direct examination, Spence had testified regarding a traffic stop of a van occupied by defendant, Pete and Adonay Martinez.[3] On cross-examination, defendant's counsel noted

---

[3] This evidence was admitted pursuant to Fed. R. Evid. 404(b) for the limited purpose of establishing a pattern of conduct, and the jury received a limiting instruction regarding this similar conduct evidence.

2

that Spence had indicated that he had thought the three were selling drugs, but also had written in his report that he had thought they were involved in robberies. Counsel then specifically asked Spence: "So what was it?" In response, Spence indicated he "wasn't certain what they were doing" then proceeded to discuss a number of reasons why, based upon his training and experience, he believed the three were transporting narcotics. Among those reasons, Spence remarked that he had learned that defendant "had been convicted of drug charges."

Defendant's counsel objected to the statement and the court held a sidebar. The court provided counsel with the opportunity to have a cautionary instruction given to the jury but counsel requested more time to consider the matter. The following day, counsel again was provided the option of a cautionary instruction, but, for strategic reasons, he declined, instead deciding that it would be best not to emphasize the testimony.

The court does not believe that the admission of the testimony was error. The statement by Spence was responsive to the question asked by defendant's counsel. In addition, defendant's counsel declined to have a cautionary instruction given to the jury. Although counsel's strategic decision to not have the testimony emphasized was reasonable, he took a calculated risk by proceeding to verdict without a cautionary instruction regarding Spence's testimony.

3

In light of all of that, and the otherwise overwhelming evidence of defendant's guilt, the court is satisfied that the interest of justice does not require a new trial.

To the extent that defendant contends that Sergeant Spence "gloated" to defense counsel that he had intentionally testified about defendant's record and that he did so because he "knew he could get away with it", the court notes that defendant also had the opportunity to recall Sergeant Spence to the stand and question him about his statements while testimony was still open. He declined to do so. Again, the fact that defense counsel's strategic decision to not emphasize the testimony regarding defendant's prior drug convictions by recalling Spence to the stand did not pay off is not a basis for setting aside the jury's verdict.

Because defendant has failed to show that the interest of justice warrants a new trial, his motion will be denied.

An appropriate order will follow.

Date: September 13, 2010

Gustave Diamond
United States District Judge

cc: Margaret E. Picking
Assistant U.S. Attorney

Stephen H. Begler, Esq.
100 Ross Street
Suite 304
Pittsburgh, PA 15219

4