IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 09-82-3 |
| | ) |
| FRANK MURPHY | ) |

## MEMORANDUM AND ORDER OF COURT

Presently before the court is a motion for return of property pursuant to Fed.R.Crim.P. 41(g) filed by Frank Murphy ("petitioner") and the government's response thereto. For the reasons set forth below, the motion will be granted.

On March 3, 2009, a grand jury returned a two-count indictment charging petitioner and two others at Count One with conspiracy to distribute and to possess with intent to distribute cocaine. On May 5, 2010, a jury returned a verdict of guilty against petitioner at Count One and he subsequently was sentenced to a term of imprisonment of 72 months.

Petitioner has filed a motion pursuant to Fed.R.Cr.P. 41(g)[1] seeking the return of various items of personal property seized from him at the time of his arrest, including a watch and diamond earring.

---

[1] Fed.R.Crim.P. 41(g) provides in pertinent part: "A person aggrieved . . . by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings."

It is well settled that "[p]roperty seized by the government as part of a criminal investigation 'must be returned once criminal proceedings have been concluded, unless it is contraband or subject to forfeiture.'" United States v. Albinson, 356 F.3d 278, 280 (3d Cir. 2004). After the termination of criminal proceedings, the government bears a heavy burden of demonstrating a legitimate reason to retain property that had been seized for investigative or trial purposes. United States v. Chambers, 192 F.2d 374 (3d Cir. 1999).

Here, the criminal proceedings against petitioner have been concluded, and there is no indication that any of the seized items are contraband or subject to forfeiture. In its response, the government has acknowledged its responsibility to return all of petitioner's personal property in its possession, and indicates that it voluntarily will return those items to a third party custodian. The government should make the necessary arrangements for the return of petitioner's property forthwith if it has not already done so.

An appropriate order follows.

Dated: June 7, 2011

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

ORDER OF COURT

AND NOW, this 7th day of June, 2011, for the reasons set forth above, IT IS ORDERED that petitioner's motion for return of property (Document No. 185) be, and the same hereby is, **granted**.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Margaret E. Picking
Assistant U.S. Attorney

Frank Murphy

AO 72
(Rev. 8/82)

- 3 -